RECEIVED
IN ALEXANDRIA, LA
JUN 17 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ISAIAH J. SAMPSON | DOCKET NO. 1:05 CV 0017 |
| | SECTION P |
| VS. | JUDGE LITTLE |
| NOLAND J. HAMMOND, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil action filed by *pro se* Plaintiff **ISAIAH J. SAMPSON** ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Avoyelles Bunkie Detention Center in Evergreen, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on January 27, 2005. [Rec. Doc. 3]. Plaintiff names the following defendants: Noland J. Hammond (attorney), Avoyelles Parish Jail, and State Department of Corrections. [Rec. Doc. 1, p.1]

In accordance with 28 U.S.C. § 636 and a standing order of this Court, the instant matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Plaintiff claims an attorney, defendant Hammond, told Plaintiff he needed a semen sample to investigate his rape case. [Rec. Doc. 1, p. 4]. The defendant came to the jail and in order to procure this sample filmed Plaintiff and another inmate while Hammond's "assistant" performed oral sex on Plaintiff. Plaintiff

5

feels tricked by the attorney, and charges that the facility was negligent by "allow(ing) Mr. Hammond and Ms. Jones to come in the facility with a mini camcorder and film (Plaintiff), Gerick and Courtney into making a porno video for his own perverted reasons." [Doc. 1, p.5].

As relief, Plaintiff seeks unspecified damages. [Rec. Doc. 1, p. 5].

**FRIVOLITY REVIEW**

Plaintiff is proceeding *in forma pauperis* in this action. His complaint is therefore subject to the screening provisions mandated by 28 U.S.C. § 1915(e). This section mandates *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); See also, Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function, however, a court must take into account it's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*).

2

A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993); <u>Denton v. Herndandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Smith v. Winter</u>, 782 F.2d 508, 511-12 (5th Cir. 1986). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. <u>Horton v. Cockrell</u>, 70 F.3d 397,400 (5th Cir. 1996).

After review and consideration of the claims presented herein, accepting all as true for purposes of this review, the undersigned recommends that all claims be dismissed in accordance with this provision.

**ANALYSIS**

To state a claim under 42 U.S.C.§ 1983, a plaintiff must: (1)allege a violation of a right secured by the constitution or the laws of the United States and (2)demonstrate that the alleged deprivation was committed by a person acting under the color of

3

state law. Randolph v. Cervantes 130 F.3d 727 (5th Cir. 1997); Pitrowski v. City of Houston, 51 F.3d 512 (5th Cir. 1995). Section 1983 complainants must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Plaintiff has failed to allege a constitutional violation. Being tricked by a non-state actor into having consensual sexual relations is not a violation of the constitution. At most, Plaintiff's claim lies in tort against defendant Avoyelles Parish Jail. This fails to state a constitutional claim. "Section 1983 imposes liability for violation of rights protected by the Constitution, [however,] not for violations of duties of care arising out of [state] tort law." Baker v. McCollan, 443 U.S. 137, 146, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979). Mere negligence is not actionable under § 1983. Daniels v. Williams, 474 U.S. 327, 328, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986) (concluding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); Davidson v. Cannon, 474 U.S. 344, 347-48, 88 L. Ed. 2d 677, 106 S. Ct. 668 (1986) (stating that "respondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to

prevent"); Lemoine v. New Horizons Ranch & Ctr., Inc., 174 F.3d 629, 635 (5th Cir. 1999) (stating that "negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"). Accordingly, plaintiff's claims of negligence fail.

**STATE ACTOR REQUIREMENT**

Additionally, the Fifth Circuit held "private attorneys, including public defenders, are not state actors within the meaning of §1983." Green v. Dallas County Jail, 2003 U.S. Dist. LEXIS 1802 (D. Tex., February 6, 2003, Decided); citing Polk County v. Dodson, 454 U.S. 312, 321-22 (1981).

Defendant Hammond is a private individual, an attorney, who is not a state actor. Plaintiff is complaining of an act that does not meet the threshold of stating a constitutional violation, in addition the act was not committed by a state actor, but an ordinary citizen. Furthermore, he has not alleged that the defendant conspired with any state officials to violate Plaintiff's constitutional rights. The defendants is a defense attorney, and therefore are excluded from liability under §1983. Accordingly, Plaintiff's claim lacks an arguable basis in law and is recommended dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(b)(i).

**11th AMENDMENT IMMUNITY**

Plaintiff's claim against the Louisiana Department of Public Safety and Corrections is barred by the Eleventh Amendment to the

United States Constitution, which proscribes that States are immune from suit for damages in federal court by citizens of the State, as well as citizens of other states, unless the state consents to suit. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Even where the state is itself not named as a party to the suit, if the action is, in essence, a suit against the State, the action is barred under the Eleventh Amendment. Id. at 663.

Accordingly, the Eleventh Amendment has been interpreted to not only bar suits brought in federal court against the States, but also their alter egos. Voisin's Oyster house v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986). In deciphering whether an entity is covered by the Eleventh Amendment's Immunity provision, the United States Fifth Circuit Courts of Appeal analyzes the following six factors based on the entity's: (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or statewide problems, and (5) ability to hold and use property. Husdson v. City of New Orleans, 174 F.3d 677,681 (5th Cir. 1999). In Champagne v. Jefferson Parish Sherrif's Office, et al., 188 F.3d 312 (5th Cir. 1999), the United States Fifth Circuit Court of Appeals, utilizing the preceding factors, held that the Louisiana Department of Public Safety and Corrections is protected by the Eleventh Amendment's immunity umbrella.

Congress has not annulled the States's Eleventh Amendment

Immunity in § 1983 actions. <u>Quern v. Jordan</u>, 440 U.S. 445, 456, 96 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only way by which the plaintiff may seek monetary damages against the State, or in this action an alter ego of the State, is if the State of Louisiana, by the most express language or by overwhelming implication, consents to being sued in federal court. see <u>Ex Parte Young</u>, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); <u>Edelman</u>, 415 U.S. at 673; <u>Brennan v. Stewart</u>, 834 F. 2d 1284, 1251-53 (5th Cir. 1988). To the contrary, Louisiana has expressly refused to consent to waiving its Eleventh Amendment Immunity. See La.Rev.Stat.Ann. 13:5106; <u>Delahoussaye v. City of New Iberia</u>, 937 F.2d 144, 147 (5th Cir. 1991).

Plaintiff's claim against the Louisiana Department of Public Safety and Corrections is barred by the 11th Amendment of the U.S. Constitution.

Based upon the foregoing,

**IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as frivolous.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this ___ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).